# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-809V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MELISS LANGERT, | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| | * | |
| v. | * | Filed: June 26, 2023 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Ryan D. Pyles*, U.S. Dep't of Justice, Washington, DC, Respondent.

**DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On July 26, 2022, Meliss Langert filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of receiving the tetanus-diptheria-acellular-pertussis ("Tdap") vaccine on September 4, 2019. Petition (ECF No. 1) at 1.

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated June 5, 2023 (ECF No. 21) ("Interim Fees Mot."). It is the first fees requests in this case, and is occasioned by counsel's wish to withdraw from representation of Petitioner in the case. *See* Motion to Withdraw as Attorney of Record, dated June 16, 2023 (ECF No. 25). Petitioner requests a total of $34,365.77 ($32,673.50 in attorneys' and paralegal fees, $1,676.77 in costs, plus $15.50

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

in costs personally incurred by Petitioner) for the work of lawyers at the law firm of Conway Homer, P.C., plus a paralegal from October 2019 to June 2023. *Id.* at 5–24. Respondent reacted to the interim fees request on June 12, 2023. *See* Response, dated June 12, 2023 (ECF No. 23) ("Resp."). Respondent takes no position on the appropriateness of an interim award, and otherwise defers the calculation of any amount to be awarded to my discretion. Resp. at 2–3. Petitioner filed a reply maintaining that her claim was filed in good faith and with a reasonable basis, and requests that she be awarded the requested fees and costs as indicated. ECF No. 24.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$34,365.77**.

## ANALYSIS

### I.     Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). An attorney's withdrawal from a case has been deemed an appropriate circumstance for an interim award (deemed "interim" precisely because the case is still pending, even if present counsel will not be going forward with it).

Because of counsel's withdrawal, I find an interim award is appropriate. Nor do I (at this point) deem the case to have identifiable reasonable basis issues, such that an award could not be permitted, and Respondent has made no argument to the contrary. Arguments that vaccines other than the flu vaccine cause GBS are common in the Program and are often successful, thus further

bolstering the claim's reasonable basis (although I make no formal determination at this time as to whether the claim's reasonable basis might later be called into question; for purposes of a fees award, it is enough to determine that reasonable basis exists *at this time*).

## II.     Calculation of Fees

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | **2019** | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|---|
| **Ronald Homer (attorney)** | -- | -- | -- | $475.00 | $500.00 |
| **Nathaniel Enos (attorney)** | -- | $230.00 | $230.00 | $280.00 | $320.00 |
| **Joseph Pepper (attorney)** | -- | -- | -- | $415.00 | -- |
| **Christina Ciampolilo (attorney)** | -- | -- | $380.00 | $425.00 | $470.00 |

3

| | | | | | |
|---|---|---|---|---|---|
| **Patrick Kelly (attorney)** | -- | -- | -- | -- | $305.00 |
| **Paralegals** | $145.00 | $155.00 | $155.00 | $170.00 | $185.00 |

ECF No. 21 Tab A at 1–40.

The attorneys at Conway, Homer, P.C. practice in Boston, MA—a jurisdiction that has been deemed "in forum," thus entitling them to the rates established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The requested rates are in general accordance with the Office of special Masters' Fee Schedule[3] and are consistent with what has previously been awarded to the attorneys of this law firm. *See Japaridze v. Sec'y of Health & Hum. Servs.*, No. 20-1545V, 2023 WL 4104131 (Fed. Cl. Spec. Mstr. May 17, 2023) (awarding the requested 2023 rate for Mr. Homer); *Luhrmann v. Sec'y of Health & Hum. Servs.*, No. 20-1019V, 2023 WL 4105465 (Fed. Cl. Spec. Mstr. May 17, 2023) (awarding the requested 2023 rates for Mr. Enos and Mr. Kelly). I shall therefore award them as requested. And I find no other reason to make adjustments to reflect time improperly billed to any particular tasks.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,676.77 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of a single expert, Kazim A. Sheikh, M.D. Dr. Sheikh charged $500.00 per hour for a total of 1.5 hours of work. ECF No. 21 Tab B at 14. The total amount for his services was reasonable for the work performed, and I do not find any reason to make any reductions. I also find that the other litigation costs are reasonable and typical in Program cases. Thus, they shall also be awarded in full without reduction.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 26, 2023).

Additionally, Petitioner requests a total of $15.50 in mailing costs personally incurred. ECF No. 21 Tab C. They were reasonably incurred and therefore are awarded in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Interim Motion for Attorney's Fees and Costs, and award a total of **$34,365.77,** reflecting $32,673.50 in fees, $1,676.77 in costs, plus $15.50 in costs personally incurred by Petitioner in the form of a check made jointly payable to Petitioner and her attorney, Mr. Ronald Homer. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.