# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-809V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
MELISS LANGERT,                     *       Chief Special Master Corcoran
                                    *
            Petitioner,             *       Filed:  February 3, 2026
                                    *
    v.                              *
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Ryan D. Pyles*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On July 26, 2022, Meliss Langert filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") as a result of receiving the tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine on September 4, 2019. Petition (ECF No. 1) at 1. I dismissed the claim after briefing, and that determination was not appealed. *See* Decision, dated June 13, 2025 (ECF No. 50).

Petitioner previously obtained an interim award of attorney's fees and costs in June 2023 for work performed by her initial counsel. Decision—Interim Attorney's Fees and Costs, dated

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

June 26, 2023 (ECF No. 26). Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Oct. 29, 2025 (ECF No. 53) ("Final Fees Mot."). Petitioner requests a total of $142,181.00 ($111,481.00 in attorney's fees, plus $30,700.00 in costs) for the services of the attorneys and paralegals at the Law Offices of Leah V. Durant, PLLC. Final Fees Mot. at 1. Respondent reacted to the final fees request on December 16, 2025. *See* Response, dated Dec. 16, 2025 (ECF No. 54) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner filed a reply, maintaining her position and requesting that she be awarded the requested fees and costs as indicated. Reply, dated Dec. 17, 2025 (ECF No. 55).

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$138,906.00**.

## ANALYSIS

### I.     Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

"lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle her to a fees and costs award. Claims alleging GBS due to receipt of the Tdap vaccine are not uncommon in the Program, and have been compensated. In addition, although I have been generally not finding causation theories in such matters to be well-reasoned or persuasive, this case turned not on the capacity of the Tdap vaccine to generally cause GBS, but instead on a reasonably-disputed question as to whether Petitioner's onset was medically acceptable. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

(citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2023 | 2024 | 2025 |
|---|---|---|---|
| **Leah Durant (Attorney)** | $463.00 | $486.00 | $530.00 |
| **Michael Milmoe (Attorney)** | $553.00 | $584.00 | $627.00 |
| **Richard Armada (Attorney)** | $441.00 | $463.00 | -- |
| **Glenn MacLeod (Attorney)** | -- | $584.00 | $627.00 |
| **Paralegals** | $181.00 | $190.00 | $203.00 |

ECF No. 53-1 at 1–9.

Ms. Durant and her colleagues practice in Washington, DC—a jurisdiction that is, by definition, "in forum." Accordingly, she should be paid forum rates as established in *McCulloch*. *See Clavio v. Sec'y of Health & Hum. Servs.*, No. 17-1179V, 2024 WL 329239 (Fed. Cl. Spec. Mstr. Jan. 2, 2024). The rates requested for Ms. Durant and her colleagues are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule. [5] *Spaugh v. Sec'y of Health & Hum. Servs.*, No. 21-785V, 2025 WL 3233150 (Fed. Cl. Spec. Mstr. Oct. 15, 2025); *Murray v. Sec'y of Health & Hum. Servs.*, No. 17-1357V, 2024 WL 1433667 (Fed. Cl. Spec. Mstr. Mar. 5, 2024); *E.H. v. Sec'y of Health & Hum. Servs.*, No. 17-126V, 2023 WL 8543593 (Fed. Cl. Spec. Mstr. Nov. 16, 2023); *Aycock v. Sec'y of Health & Hum. Servs.*, No. 19-235V, 2023 WL 8869423 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992).

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Feb. 3, 2026).

Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner requests $30,700.00 in outstanding costs associated with the work of two experts: Timothy Hancock and David M. Simpson, M.D. ECF No. 53-2 at 2. Mr. Hancock reviewed the medical records and submitted invoices reflecting a total of $4,500.00 (billing at an hourly rate of $125.00) charged to the matter. *Id.* at 3, 4. I find no basis for discounting this cost, and it will therefore be awarded in full.

Dr. Simpson reviewed the medical records and authored three written reports on behalf of Petitioner. He submitted invoices reflecting a total of $26,200.00 (billing at an hourly rate of $800.00) charged to the matter. *Id.* at 16, 17, 18. Dr. Simpson's requested hourly rate, however, exceeds what he has been previously awarded.

In several decisions from the past three years, Dr. Simpson was compensated at the lesser rate of $500.00 per hour for his work in the Vaccine Program. *See Velasquez v. Sec'y of Health & Human Servs.*, No. 19-1703V, 2024 WL 2186367 (Fed. Cl. Spec. Mstr. Apr. 16, 2024); *Neuenschwander v. Sec'y of Health & Human Servs.*, No. 18-1245V, 2023 WL 1948633 (Fed. Cl. Spec. Mstr. Jan. 18, 2024); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 19-729V, 2022 WL 16584904 (Fed. Cl. Spec. Mstr. Sept. 22, 2022). More recently, an hourly rate of $700.00 was allowed for work performed by Dr. Simpson (although the fees decision embracing that figure does not include a specific evaluation of the rate's propriety, and seems more based on the total amount billed). *Barrett v. Sec'y of Health & Hum. Servs.*, No. 22-258V, 2024 WL 5298298, at *4 (Fed. Cl. Spec. Mstr. Oct. 30, 2024). Nevertheless, that amount is more reasonable than what has been requested herein, and still reflects a fairly substantial increase from prior cases. Accordingly, I will reduce Dr. Simpson's rate from $800.00 to $700.00 per hour for the expert services performed in this case. This results in a reduction of **$3,275.00**.[6]

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is awarded a total amount of **$138,906.00**, reflecting

---

[6] This amount is calculated as: ($800.00 - $700.00) x 32.75 hours = $3,2750.00.

$111,481.00 in attorney's fees, plus $27,425.00 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision. [7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.